IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION f/k/a The Bank of New York Trust Company, N. A., as Successor to JPMorgan Chase Bank as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificate Series, 2004-Ks8h<br><br>　　　　Plaintiff,<br><br>V.<br><br>H. WAYNE MEACHUM<br><br>　　　　Defendant. | No. 3:20-cv-2250-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No.4.

Defendant H. Wayne Meachum, representing himself *pro se*, has filed a motion to dismiss for failure to state a claim upon which relief can be granted and, in the alternative, a motion to remand, which is substantively a motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 12. Plaintiff The Bank of New York Mellon Trust Company National Association ("BNYM") filed a response to the motions, *see* Dkt. No. 13, and Meachum filed a reply, *see* Dkt. No. 15.

1

Meachum contends that this case should be dismissed because it was brought in violation of federal law, the COVID-19 Relief Act's foreclosure moratorium, and because BNYM failed to provide a Notice of Default with Intent to Accelerate prior to filing this suit. Alternatively, Meachum asks this court to remand this case to state court for lack of subject matter jurisdiction, which the Court construes as a 12(b)(1) motion to dismiss.

BNYM argues that both motions should be denied because the federal law moratorium does not apply to this case, it has sufficiently alleged facts in its complaint that Meachum was sent a Notice of Default with Intent to Accelerate, and it has sufficiently alleged facts for the Court to establish that diversity jurisdiction exists.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court deny the motion to dismiss for failure to state a claim and deny the motion to remand, construed as a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

**Background**

On July 13, 2004, Meachum obtained a mortgage on his home, executed a Texas Home Equity Note (the "Note") requiring a repayment of the principal and interest accrued in installments and a Texas Home Equity Security Instrument (the "Deed of Trust") giving the lender the right to foreclose upon the property in the event of default. *See* Dkt. No. 1 at 3. Meachum failed to make the October 1, 2018 payment

on the Note and BNYM filed for judicial foreclosure in this Court, Case No. 3:18-cv-2630, which the Court dismissed without prejudice. *See id.* at 3-4.

After the Court's dismissal of the prior action, BNYM provided Meachum with a Notice of Default with Intent to Accelerate on August 17, 2020. *See id.* at 4. This notice was given to provide Meachum the opportunity to cure his default by making the necessary payments on the Note in accordance with the covenants found in the Deed of Trust. *See id*. Meachum failed to cure the default and all unpaid principal and accrued interest on the Note have been accelerated and are due and payable. *See id*.

As the current beneficiary of the deed of trust, owner of the home equity loan, and holder of the Note, BNYM filed this action for judicial foreclosure against Meachum on August 18, 2020. *See id.* at 4-5. Meachum filed a motion to dismiss BNYM's claims and an alternative motion to remand. *See* Dkt. No. 12. He contends that the claim should be dismissed because it was brought in violation of federal law, the COVID-19 Relief Act, and further because BNYM failed to provide Meachum with a Notice of Default and Intent to Accelerate prior to filing this suit. *Id.* Alternatively, Meachum filed a motion to remand this case to State Court in Dallas, Texas for lack of subject matter jurisdiction, namely lack of diversity. *Id.*

In its response, BNYM argues that Meachum's motion to dismiss should be denied because it has properly pled facts that demonstrate the proper Notice of Default and Intent to Accelerate was sent prior to filing this suit. *See* Dkt. No. 13 at ¶ 2-3. BNYM also argues that the COVID-19-related foreclosure moratorium does not

apply to the circumstances of this case, thus this suit was not barred by federal law from being filed at this time. *Id.* at ¶4.

In response to the motion to remand, BNYM asserts the motion to remand should be denied because the case was originally filed in federal court, adding that, even though this makes the motion improper, BNYM has properly pled that diversity of citizenship does exist between the parties. *Id.* at ¶¶ 8-9.

**Legal Standards**

I.  <u>12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot

4

be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming*, 281 F.3d at 161 (citations omitted).

The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

II.  12(b)(6) Motion to Dismiss for Failure to State a Claim

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins*

*Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure (8)(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curium) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 574 U.S. at 12, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

7

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## Analysis

I.   <u>The Motion to Remand should be denied.</u>

Meachum's Motion to Remand does not properly ask the Court to remand this case to state court because this case was filed originally in, not removed to, this Court. Accordingly, "there is no basis to remand plaintiff's state-law claims to state court." *Mexico Foods, LLC v. Mi Rancho Meat Market*, No. 3:14-cv-2760-D, 2015 WL 891666, at *1 n.1 (N.D. Tex. Mar. 3, 2015).

But the Court can liberally construe Meachum's motion as a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Accord City of Alexander, Ark. v. Deep South Fire Trucks, Inc.*, No. 2:14cv17-KS-MTP, 2014 WL 1671747, at *1 (S.D. Miss. Apr. 28, 2014) ("Although styled as a 'Motion to Remand,' the Court construes this filing substantively as a motion to dismiss for lack of subject matter jurisdiction since this action was originally filed in this Court.").

Meachum disputes BYNM's allegations that diversity jurisdiction exists. In diversity cases under 28 U.S.C. § 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a). The Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege…the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

9

In determining BNYM's citizenship, BNYM correctly asserts that it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *See Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 465 (1980). As BNYM correctly contends, under the governing case law, Meachum's claims of BNYM's ownership of banks in Texas and BNYM's availing itself of benefits of being a Texas citizen are irrelevant to determining BNYM's citizenship for purposes of diversity jurisdiction. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 312-19 (2006). BNYM is a national banking association that is chartered and has its main office in New York, so BNYM is a citizen of New York for diversity purposes. *See id.* at 318; *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 359 (5th Cir. 2017).

Because Meachum is undisputedly a Texas citizen, *see* Dkt. Nos. 1 at 2, 13 at 3, and BNYM is a citizen of New York for purposes of diversity jurisdiction, BNYM has established complete diversity as section 1332 requires.

Finally, BNYM has adequately alleged – and Meachum has not challenged – that the amount-in-controversy requirement has been met. *See* Dkt. No. 1 at 2.

Accordingly, the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

II. <u>The Motion to Dismiss for Failure to State a Claim should be denied.</u>

Meachum argues that BNYM filed this suit in violation of 15 U.S.C. § 9056(b)(1), the foreclosure moratorium provision of the Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act); thus, it must be dismissed because under the CARES Act, "mortgage foreclosures are prohibited until further action." Dkt. No. 12

at 1. In its response, BNYM argues that the filing of this suit was proper, as the CARES Act foreclosure moratorium only applies to federally-backed mortgages and not to private lenders. Dkt. No. 13, ¶ 4.

The CARES Act provides that "a borrower with a federally backed mortgage loan experiencing a financial hardship due, directly or indirectly, to the COVID-19 emergency may request forbearance on the federally backed mortgage loan" and "a servicer of a Federally backed loan may not initiate any judicial or non-judicial foreclosure process" during the specified applicable period. 15 U.S.C. § 9056(c)(2). The CARES Act defines "Federally backed mortgage loan" as "any loan which is secured by a first or subordinate lien on residential real property … designed principally for the occupancy of from 1- to 4- families" that is insured or guaranteed by the outlined federal acts and agencies. *Id.* § 9056(a)(2).

In its complaint, BNYM alleges that it is a national banking association that is the current beneficiary of the deed of trust and owner of the home equity loan at issue in this suit. *See* Dkt. No. 13, ¶¶ 4, 16. Reading the complaint in the light most favorable to BNYM as the plaintiff, BNYM has pled sufficient facts at this stage in the proceedings to find that it is a private lender. Thus, the CARES Act foreclosure moratorium provision does not apply to this case, the filing of this suit was proper, and Meachum's argument that the case should be dismissed for violating federal law is without merit.

Meachum further contends that this case must be dismissed because BNYM did not send him a notice of default and intent to accelerate prior to filing this suit.

*See* Dkt. No. 12 at 1. In its complaint, BNYM alleges that "[n]otice of default and intent to accelerate were provided to Meachum and he failed to cure the default." Dkt. No. 13, ¶ 12. It also alleges that after the dismissal of its prior complaint for judicial foreclosure on July 17, 2020, "Meachum was provided with a Notice of Default with Intent to Accelerate." *Id.* at ¶ 14. These allegations are sufficient for the Court to find that proper notice was given to Meachum prior to the filing of BNYM's complaint.

## Recommendation

The Court should deny Defendant H. Wayne Meachum's Motion to Dismiss and deny Defendant's alternative Motion to Remand, construed as a 12(b)(1) Motion to Dismiss [Dkt. No. 12].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79, F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE