IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | § | |
| TRUST COMPANY NATIONAL | § | |
| ASSOCIATION f/k/a The Bank of New | § | |
| York Trust Company, N. A., as Successor | § | |
| to JPMorgan Chase Bank as Trustee for | § | |
| Residential Asset Securities | § | |
| Corporation, Home Equity | § | |
| Mortgage Asset-Backed Pass | § | |
| Through Certificate Series, | § | |
| 2004-Ks8h, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-2250-L-BN |
| | § | |
| H. WAYNE MEACHUM | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from United States District Judge Sam A. Lindsay. *See* Dkt. No.4.

Plaintiff The Bank of New York Mellon Trust Company National Association

fka The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase

Bank, as Trustee for Residential Asset Securities Corporation, Home Equity

Mortgage Asset-Backed Pass Through Certificate Series, 2004-KS8 ("BNYM") has

filed a motion for summary judgment. *See* Dkt. No. 16. Defendant H. Wayne

Meachum has filed a response, *see* Dkt. No, 28, and BYNM filed a reply, *see* Dkt. No. 29.

Without leave of court, Meachum filed a sur-reply, *see* Dkt. No. 30, an affidavit in support of the sur-reply, *see* Dkt. No. 31, and a supplemental sur-reply, *see* Dkt. No. 32. BYNM has filed a motion to strike those filings, *see* Dkt. No. 33, Meachum has filed a response, *see* Dkt. No. 36, and BYNM filed a reply, *see* Dkt. No. 37.

For the following reasons, and as explained below, the undersigned recommends that the Court grant the both the motion to strike and the motion for summary judgment.

## Background

This is the most recent in a series of foreclosure lawsuits between the parties concerning property located at 1707 Timbergrove Circle in Dallas, Texas. The undersigned will not repeat the prior history here because the Court and parties are familiar with it. It is also detailed in the motion for summary judgment and the supporting Declaration of Talya Lopez. *See* Dkt. No. 17 at 7-12; Dkt. No. 18-1 at 2-75. Because Meachum does not dispute the factual recitations in BYNM's brief or Ms. Lopez's declaration, *see* Dkt. No. 28 at 1, the undersigned will accept them as true, *see Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (holding that, where summary judgment movant cites a fact that non-movant does not controvert with evidence, the Court may accept it as true). Instead, the undersigned will focus

on the facts and issues necessary to determine the motion for summary judgment in this case.

On July 13, 2004, Meachum obtained a mortgage on his home and executed a Texas Home Equity Note (the "Note") requiring repayment in monthly installments, s*ee* Dkt. No. 18-1 at 12-15, and a Texas Home Equity Security Instrument (the "Security Instrument") giving the lender the right to foreclose upon the property in the event of default, *see id.* at 17-34. The Note and Security Instrument are referred to collectively as the "Loan Agreement."

BNYM is the current beneficiary of the Security Instrument, owner of the home equity loan, and holder of the Note. *See id.* at 3-5 ¶¶ 4-10; 11-42 (Exhibits A-1–A-6).

Meachum failed to make the October 1, 2005 payment on the Note and all subsequent payments. *See* Dkt. No. 18-1 at 5-6 ¶ 12, 43-45 (Exhibit A-7).

On July 15, 2020, BYNM's loan servicer sent Meachum the most recent notice of default and intention to accelerate. *See id.* at 7-8 ¶ 19, 66-69 (Exhibit A-13).

On July 17, 2020, BYNM's loan servicer sent Meachum a monthly statement showing a reinstatement amount that was less than the full amount that would be due when the loan was accelerated. *See* Dkt. No. 28 at 9-13 (Exhibit B).

On August 17, 2020, BYNM's loan servicer sent Meachum two documents: a notice of acceleration, *see* Dkt. No. 18-1 at 8 ¶ 20, 70-72 (Exhibit 14), and a monthly statement showing a reinstatement amount that was less than the full amount of the accelerated loan, *see* Dkt. No. 28 at 16-20 (Exhibit D). Construing the evidence in the

light most favorable to non-movant Meachum, the Court will assume the monthly statement was sent after the notice of acceleration.

BNYM filed this action for judicial foreclosure one day later. *See* Dkt. No. 1. BYNM includes a paragraph in its Complaint emphasizing that any information that Meachum may receive from BYNM or its servicer containing a reinstatement amount is for informational purposes and will not abandon the August 17, 2020 acceleration of the debt. *See id*. at 4 ¶15.

BYNM also filed a Notice of No Abandonment of Acceleration. *See* Dkt. No. 7. BYNM put Meachum on notice that during the course of the litigation it would be sending monthly statements as required by 12 C.F.R. § 1026.41; that those statements would state the amount of the arrearage owed on the loan for that particular month as required by 12 C.F.R. § 1026.41(d); that, in sending the monthly statements, BYNM was not in any manner expressing an intent to abandon the August 17, 2020 acceleration of the debt; and that the arrearage amount identified in the statements was for informational purposes only.

On March 8, 2021, BYNM's loan servicer sent Meachum a letter suggesting possible loss-mitigation options. One of those options was reinstatement. *See* Dkt. No. 28 at 22-24 (Exhibit E).

BYNM now seeks summary judgment on its sole claim for judicial foreclosure. *See* Dkt. Nos. 16, 17. BYNM contends that Meachum is in default under the Note and that it has met all conditions precedent for a judgment authorizing judicial foreclosure.

In response, Meachum asserts that BYNM failed to complete all conditions precedent because it abandoned acceleration by sending him post-acceleration monthly statements and a loss-mitigation letter offering to reinstate the loan for an amount less than the full amount of the accelerated loan.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*,

140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an

opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in

any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*,780 F.2d 1190, 1194 (5th Cir. 1986). The"beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.   <u>The Motion to Strike should be granted.</u>

Without leave of court, Meachum filed what is substantively a sur-reply, *see* Dkt. No. 30, an appendix in support of the sur-reply, *see* Dkt. No. 31, and a supplemental sur-reply, *see* Dkt. No. 32, which BYNM moves to strike, *see* Dkt. No. 33. In response to the motion to strike, Meachum asserts BYNM made new arguments and cited new legal authorities in its reply to his response to the motion for summary judgment and that it would be unfair to deny him an opportunity to respond. *See* Dkt. No. 36. In reply, BYNM points out that Meachum fails to indicate what the new arguments are or how they present exceptional circumstances that would justify granting leave to supplement his summary judgment response. *See* Dkt. No. 37.

The local rules do not permit a sur-reply to be filed without leave of Court. *See, e.g.*, N.D. TEX. CIV. R. 7.1(f) (allowing reply to be filed but not providing for sur-reply to be filed). The undersigned incorporated the local rules in the Court's Scheduling Order and ordered Meachum to file a response to the motion for summary judgment and allowed BNYM to file a reply to Meachum's response. *See* Dkt. No. 19; N.D. TEX. CIV. R. 7(e), (f). The undersigned further expressly disallowed the filing of a sur-reply: "[n]o supplemental pleading briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7." *Id.* at 2-3.

Sur-replies are highly disfavored and are permitted only in exceptional or extraordinary circumstances. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). To meet its burden to show such circumstances, a party seeking leave to file

a sur-reply brief must identify new issues, theories, or arguments that the movant raised for the first time in its reply brief or attempts to present new evidence at the reply stage. *See Weems v. Hodness*, No. 10-cv-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (citing *Lacher*, 147 F. Supp. 2d at 539-40); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-cv-1397-P, 2003 WL 251318, at *8 (N.D. Tex. Feb. 3, 2003).

Because "the movant is entitled to file the last pleading," [s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher*, 147 F. Supp. 2d at 539. But having the last word is the sole reason Meachum gives for seeking leave to file the sur-reply.

Accordingly, because Meachum neither sought leave of court to file a sur-reply nor demonstrated exceptional circumstances, the undersigned recommends that the Court grant the motion to strike.

II.     <u>The Motion for Summary Judgment should be granted.</u>

BNYM seeks summary judgment on its sole claim for judicial foreclosure. It generally argues that judicial foreclosure is proper because Meachum defaulted on the Loan and BYNM complied with the prerequisites for a judgment authorizing judicial foreclosure.

Texas courts require a party pursuing judicial foreclosure to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security

instrument; and (4) the debtor received notices of default and acceleration. *See Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, 3:18-CV-1197-S, 2018 WL 7150247, at *4 (N.D. Tex. Dec. 14, 2018). A lender is only entitled to judicial foreclosure if it can affirmatively demonstrate that the borrower is in default. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013).

The undisputed summary judgment evidence demonstrates that BYNM has met these requirements. BYNM has established a debt exists under the Note and Security Instrument. Both documents illustrate that Meachum promised to repay the lender $264,000, plus interest. *See* Dkt. No. 18-1 at 12, 18. And BYNM has shown that it is the proper owner of the Note by providing the chain of assignments of ownership from the original lender. *See id*. at 11-42 (Exhibits A-1–A-6).

Further, BYNM has shown that the debt is secured by a lien created under **Article 16, § 50(a)(6) of the Texas Constitution** for a Home Equity Loan by attaching the Note. The Note creates a first lien mortgage on the Property and authorizes the lender to demand payment of the entire Loan upon a default.

The summary judgment evidence further shows, and Meachum does not contest, that Meachum is in default. Talya Lopez, a Contract Management Coordinator for BYNM's loan servicer, declares that, "[a]s of January 21, 2021, Defendant owes $794,299.53. Interest and other fees continue to accrue while the loan is in default." *Id*. at 8 ¶ 21. Her declaration is supported by a payoff statement. *See id*. at 74-75. On July 15, 2020, Notice of Default and Intent to Accelerate and on August 17, 2020 Notice of Acceleration of Loan Maturity were sent to Meachum's last

known address – the Property's address. *See id.* at 67-69, 71-72. Meachum was informed of his default but, to date, has not brought the Loan current.

But Meachum argues BYNM is not entitled to an order for judicial foreclosure because it subsequently rescinded acceleration of the Note.

Under Texas law, a lender may not foreclose on a debt without providing both a notice of intent to accelerate and a notice of acceleration. *See Colbert v. Wells Fargo Bank, N.A.*, 20-10394, 2021 WL 921526, at *3, ___ F. App'x ___ (5th Cir. Mar. 10, 2021) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). "Even if a lender accelerates a note with a 'clear and unequivocal' notice, *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991), acceleration can be abandoned by a party's actions, *Boren v. United States Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015)." *Id.*

Meachum contends that BYNM abandoned the August 17, 2020 acceleration by sending the August 17, 2020 monthly statement with a reinstatement quote, which permits him to cure his default by paying an amount less than the full accelerated amount. Although he states that BYNM sent him similar monthly statements each month after filing suit, the August 17, 2020 statement is the only post-acceleration statement submitted as summary judgment evidence. Meachum also asserts that BYNM abandoned acceleration by sending him a post-acceleration letter suggesting possible loss-mitigation options and reinstatement for less than the full accelerated amount of the loan was one of those options. *See* Dkt. No. 28 at 22-24.

The United States Court of Appeals for the Fifth Circuit recently held that sending a post-acceleration monthly statement requesting payment for less than the full amount of the accelerated loan does not, by itself, manifest an intent to abandon acceleration. *See Colbert*, 2021 WL 921526, at *4. The Fifth Circuit explained that "abandonment is viewed through the lens of traditional principles of waiver." *Id*. "Waiver of a right requires 'actual intent to relinquish the right, or intentional conduct inconsistent with the right.'" *Id*. (quoting *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008)) "Waiver can be express or implied from 'conduct inconsistent with a claim to the right.'" *Id*. (quoting *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015)). "'Waiver by implication only occurs when conclusive evidence shows the party unequivocally manifests its intention to no longer assert its right.'" *Id*. (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 256 (5th Cir. 2013) and citing *G.H. Bass & Co. v. Dalsan Props.-Abilene*, 885 S.W.2d 572, 577 (Tex. App. – Dallas 1994, no writ) ("[I]t is the burden of the party who is to benefit by a showing of waiver to produce conclusive evidence that the opposite party [unequivocally] manifested its intent to no longer assert its claim." (quotation omitted))).

Here, BYNM sent the monthly statements as required by 12 C.F.R. 1026.41. A loan servicer must provide the borrower periodic statements for each billing cycle. *See* 12 C.F.R. 1026.41(a)(2). If the borrower is more than 45 days delinquent, the periodic statement must provide specific information, including the total payment amount required to bring the account current; notification of possible risks, such as

foreclosure, and expenses, that may be incurred if the delinquency is not cured; and notice of whether the servicer has made the first notice or filing required for any judicial or non-judicial foreclosure process. *See id*. at 1026.41(d)(8)(ii), (v), (vi).

The monthly statements sent to Meachum comply with those requirements. They include notification that Meachum is delinquent and "failure to bring your account current may result in fees and foreclosure - the loss of your home"; a statement of the total payment required to bring the account current, which is less than the accelerated amount; and notification that "your loan has been referred to an attorney to start foreclosure proceedings. Prior to remitting payment you MUST contact the attorney for the full reinstatement amount as the amount above may have changed." *Id*. at 12, 19.

The monthly statements also state the accelerated amount, which is additional information not required by the statute and inconsistent with an intention to abandon acceleration. *See id*. And the monthly statements are consistent with the borrower's rights in the Security Instrument to reinstate the loan post-acceleration. *See* Dkt. No. 18-1 at 27 ¶18.

In the loss-mitigation letter, BYNM states that "[o]ur records indicate this account is in foreclosure and its maturity date has been accelerated. The account can be reinstated by paying the past due amount(s)." Dkt. No. 28 at 22; *see also id*. at 23. It then lists potential assistance options, including reinstatement, that may be available subject to lender approval. *See id*.

Neither the post-acceleration monthly statement requesting payment for less than the full amount of the loan nor the letter listing possible loss-mitigation options demonstrates an "unequivocal manifestation" of BYNM's intent to no longer accelerate the loan. *See Lyons v. Select Portfolio Servicing, Inc.*, 748 F. App'x 610, 611-12 (5th Cir. 2019) (finding that a post-acceleration notice informing a mortgagor of the amount owed to return a loan to good standing did not manifest intent to abandon acceleration).

The undersigned concludes that BYNM's notice of acceleration was proper and that no subsequent notice manifested intent to abandon acceleration. Accordingly, BYNM has satisfied all requirements for an order authorizing judicial foreclosure.

III.   <u>BYNM is entitled to attorneys' fees.</u>

BYNM asserts it is entitled to attorneys' fees because it seeks a declaratory judgment to enforce the power of sale in the Security Instrument through foreclosure of the property, *see* TEX. CIV. PRAC. & REM. CODE § 37.004, and because its suit is in part for breach of contract, *see id*. at § 38.001(8). But BYNM does not assert claims for declaratory judgment or breach of contract in its Complaint. *See* Dkt. No. 1.

BYNM also asserts that it is entitled to attorney's fees under the Note and Security Instrument. And it requests the award of attorney's fees be made not as a money judgment against Meachum but as a further obligation owed by Meachum under the Note and Security Instrument because the loan was accelerated, and fees continue to accrue.

Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. *See In re Velazquez*, 660 F.3d 893, 895-96 (5th Cir. 2011). But home equity loans executed pursuant to Article 16, § 50(a)(6) of the Texas Constitution are non-recourse by definition and preclude contractual mortgagor liability. *See In re Mullin*, 433 B.R. 1, 17 (Bankr. S.D. Tex. 2010). Although the mortgagor is not personally liable for attorneys' fees, the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale. *See id.*

Here, the Note provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees. I understand that these expenses are not contemplated as fees to be incurred in connection with maintaining or servicing this Extension of Credit.

Dkt. No. 18-1 at 14 ¶ 6(e). And the Security Instrument provides:

> If default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

*Id.* at 29 ¶ 21. This language makes clear that BYNM may recover its attorneys' fees incurred in defending its rights as a lienholder, insofar as such recovery does not violate the Texas Constitution. *In re Mullin*, 433 B.R. at 18. As explained above, home

equity notes are non-recourse as a matter of Texas law, but that rule does not bar recovery of attorneys' fees and other expenses, as provided for in this Note and Security Instrument, as part of the balance owed under the Note. *See id.* These fees may be recovered against the Property upon any foreclosure sale.

## Recommendation

The Court should grant Plaintiff's Motion to Strike Defendant's Untimely Supplements to His Summary Judgment Response [Dkt. No. 33] and Plaintiff's Motion for Summary Judgment [Dkt. No. 16].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79, F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 6, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE