IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSETBACKED PASS THROUGH CERTIFICATES SERIES, 2004-KS8, <br><br> Plaintiff, <br><br> v. <br><br> H. WAYNE MEACHUM, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. **3:20-CV-2250-L-BN** |

# **ORDER**

The court enters this order to address a number of pending motions in this case, including those that were referred to the magistrate judge and those that were filed after the magistrate judge issued his findings and recommendations.

**I.    Defendant's Motion to Dismiss and Alternative Motion to Remand (Doc. 12)**

On April 20, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("First Report") (Doc. 34) was entered, recommending that the court deny Defendant's Motion to Dismiss and Alternative Motion to Remand (Doc. 12), filed January 5,

2021. No objections to this First Report were filed, and Defendant's[1] deadline for doing so expired on May 7, 2021.[2]

Having reviewed Defendant's Motion to Dismiss and Alternative Motion to Remand, the pleadings, and First Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **denies** Defendant's Motion to Dismiss and Alternative Motion to Remand (Doc. 12).

## II. Plaintiff's Motion for Summary Judgment (Doc. 16) and Motion to Strike (Doc. 33)

### A. Magistrate Judge's Recommendation

On May 6, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Second Report") (Doc. 38) was entered, recommending that the court: (1) grant Plaintiff's Motion for Summary Judgment (Doc. 16), filed February 2, 2021, on its only claim for judicial foreclosure; (2) grant Plaintiff's Motion to Strike Defendant's Untimely Supplements to His Summary Judgment Response ("Plaintiff's Motion to Strike") (Doc. 33); and (3) strike Defendant's surreplies and related filings (Docs. 30, 31, 32), which were filed without leave of court.

### B. Objections and Related Briefing

On May 10, 2021, Defendant filed a Motion to Strike and Other Relief (Docs. 39, 40, 42) in which he asserts objections to the Findings, Conclusions and Recommendation of the United States Magistrate Judge without specifying whether he is objecting to the First Report, Second Report, or both. Because Defendant references the magistrate judge's recommendation regarding Plaintiff's Motion for Summary Judgment, and the deadline for filing objections to the First Report

---

[1] For simplicity, the court refers to the parties in this order as Plaintiff and Defendant.

[2] Because Defendant was served with a copy of the First Report by mail rather than electronically via e-mail, three days are added to the fourteen days for filing objections. Fed. R. Civ. P. 6(d).

**Order – Page 2**

was May 7, 2021, the court construes Defendant's May 10, 2021 filing as objections to the Second Report.

In his objections to the Second Report, Defendant contends that Plaintiff is not entitled to summary judgment because it failed to disclose to the court that he is working with PHH Mortgage Services on modifying or refinancing his mortgage loan, and that he received notice that the foreclosure proceedings related to his residential real property ("Property") that were initiated in August 2020 were suspended as of February 23, 2021. For support, he submits a copy of a May 5, 2021 "Response Letter for Your Recent Request" from PHH Mortgage Services, which states: "Thank you for the recent communication regarding your account . . . in which you requested us to provide a letter about the foreclosure status. The foreclosure proceedings were initiated on August 19, 2020. On February 23, 2021, the foreclosure proceedings were placed on hold." Doc. 40, 42.[3] Defendant's assertion in his objections that he is working with PHH Mortgage Services on modifying or refinancing his mortgage loan is not supported by any evidence.

Defendant asserts that the May 5, 2021 letter from PHH Mortgage Services is evidence of Plaintiff's bad faith in proceeding with this civil action. In addition, Defendant contends that Plaintiff has taken conflicting positions in this case and earlier cases in which it similarly attempted to foreclose on his Property. Defendant further contends that, as before, Plaintiff's conduct amounts to a rescission of its intent to and notice of acceleration of the loan agreement, which precludes it from foreclosing on the Property without first providing a new notice of intent to accelerate and new notice of acceleration.

On May 17, 2021, Plaintiff filed a response to the objections (Doc. 41), asserting that "Defendant seems to believe Plaintiff has somehow acted improperly in filing anything after

---

[3] Exhibits A and B to Defendant's objections both include the same May 5, 2021 letter from PHH Mortgage Services.

**Order – Page 3**

February 23, 2021." Pl.'s Resp. 2 (Doc. 41). Plaintiff contends that Defendant's evidence of the "hold" does not establish that it acted improperly because its summary judgment motion was filed three weeks before the "hold" that began on February 23, 2021, and its filings since then have been limited to filing a reply in support of its motion and moving to strike Defendant's improper surreplies. Plaintiff further contends that the Property has not been posted for foreclosure.

On May 19, 2021, Defendant filed a reply in support of his objections to the Second Report (Doc. 43), in which he reasserts that Plaintiff's failure to notify the court that the foreclosure proceedings were put on hold was a violation of its legal and ethical duty. Defendant, thus, contends that the magistrate judge's recommendation should be withdrawn, and this action and Plaintiff's sole judicial foreclosure claim should be dismissed.

### C. Discussion

#### 1. Plaintiff's Motion to Strike (Doc. 33)

As a preliminary matter, the court notes that Defendant did not object to the magistrate judge's recommendation that the court grant Plaintiff's Motion to Strike (Doc. 33) and strike his sur-replies and related filings (Docs. 30, 31, 32), which were filed without leave of court. Having reviewed the Plaintiff's Motion to Strike, Defendant's filings that are the subject of the motion, the file, and Second Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **grants** Plaintiff's Motion to Strike (Doc. 33), and **strikes** Defendant's surreplies and related filings (Docs. 30, 31, 32), and it does not consider them in ruling on Plaintiff's Motion for Summary Judgment.

Regardless of the label attached to these filings by Defendant, they amount to improper surreplies and supplemental materials, which were filed without leave of court in violation of this

district's Local Civil Rule 56.7 and the scheduling order entered by the magistrate judge.[4] Although Defendant has chosen to represent himself in this action, he is not entitled to any deferential or special treatment as a result. Moreover, he was on notice as a result of prior foreclosure actions that unauthorized surreplies and supplemental filings are not permitted in this district. *See The Bank of New York Mellon Trust Company National Association v. Meachum*, Civil Action No. 3:18-CV-2630-S-BN, at Doc. 42 (report by Magistrate Judge David L. Horan, recommending that the court grant Plaintiff's Motion to Strike Defendant's surreply to summary judgment motion). Defendant, nevertheless, persisted in repeatedly filing surreplies and supplemental materials without leave of court in this action after briefing on Plaintiff's summary judgment motion was complete, and even after Judge Horan issued his Second Report recommending that Defendant's unauthorized surreplies be stricken.

---

[4] Document 31, filed April 12, 2021, is titled Defendant H. Wayne Meachum's Replication to Plaintiff's Reply in Support of Its Motion for Summary Judgment. Document 32 is an exhibit to Document 31 in the form of an affidavit by Defendant. Defendant attempts to use this affidavit to create a genuine dispute of material fact, after briefing on Plaintiff's summary judgment motion was complete on April 1, 2021, by stating that he never received: (1) notices of default or amounts needed to cure; (2) information to confirm the past due amounts and loan balance that have increased over the years after every lawsuit involving the parties; and (3) information to show that the fees assessed were lawfully charged. On April 15, 2021, Defendant filed a Supplemental Replication to Plaintiff's Reply (Doc. 32) in which he argues that Plaintiff is not entitled to summary judgment on its judicial foreclosure claim for the reasons stated in his prior Replication and also because Plaintiff unilaterally rescinded the only notice of acceleration issued to him before this lawsuit was filed. Even if leave had been sought, it likely would not have been granted, as there is no indication why the arguments and evidence in these supplemental filings could not have been included in Defendant's initial response to Plaintiff's summary judgment motion, particularly when he was granted a generous extension to file his response and had a total of 45 days to respond. The 24-page summary judgment response that Defendant ultimately filed on March 18, 2021 (Doc. 28) included attached documentary evidence as Exhibits A through E, which he relies on to support his rescission of acceleration argument. Defendant's response, however, did not include his affidavits or other evidence that he subsequently submitted after briefing on Plaintiff's summary judgment was complete.

**Order – Page 5**

## 2. Plaintiff's Motion for Summary Judgment (Doc. 16)

### a. Objection Regarding "Hold" was Waived and Insufficient to Defeat Summary Judgment

In an affidavit (Doc. 46), Defendant admits to learning about the "hold" on April 21, 2021.[5] He makes the further conclusory statement that he "immediately advised the Court of that fact," but in reality he waited until *after* the magistrate judge issued his Second Report on May 6, 2021, before raising this argument on May 10, 2021, as a ground for opposing Plaintiff's summary judgment motion. While Plaintiff's summary judgment motion was ripe and fully briefed as of April 1, 2021, Defendant does not explain why he could not have moved for leave to supplement his response to the summary judgment motion to assert this new argument immediately upon learning of the "hold," or at least before the magistrate judge entered the Second Report. Defendant explains in his affidavit that he did not receive written confirmation of the hold until May 14, 2021, but this does not explain why he could not have submitted his affidavit earlier as an attachment to a motion for leave before May 6, 2021. The court, therefore, concludes that Defendant **waived** this argument based on the "hold" in failing to timely present it to the magistrate judge before the Second Report on Plaintiff's summary judgment motion was entered. *See Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge.").

Even if not waived, this argument and objection are without merit. It is clear from Defendant's affidavit that he is conflating the statement in the May 5, 2021 letter about "the foreclosure proceedings" being placed on hold as of February 23, 2021, with the proceedings in

---

[5] This affidavit was submitted by Defendant in response to the Motion for Entry of Judgment filed by Plaintiff on May 25, 2021, which, as herein explained, will be denied as moot in light of the court's ruling on Plaintiff's summary judgment motion.

**Order – Page 6**

this lawsuit being placed on hold, as he makes the self-serving statement that he did not make more detailed, extensive objections to the Second Report because he believed in good faith that the "these proceedings" were on hold. Doc. 40. Neither Plaintiff nor the mortgage servicer for Defendant's loan has authority to stay or delay the proceedings in this civil action, and absent agreement by the parties or an order of the court, dismissal at this stage is not appropriate.

Thus, any unilateral action by Defendant, for example, in seeking a loan modification several months after this action was filed and after Plaintiff filed its summary judgment motion, cannot be used by him to derail the proceedings in this case, even though such action might have been enough to temporarily delay foreclosure proceedings on his Property, despite the undisputed evidence that he defaulted on his mortgage loan *sixteen years ago in October 2005*. *See* Def.'s Resp. to Pl.'s Summ. J. Mot. at Ex. E (March 8, 2021 Letter from PHH Mortgage Services regarding "Early Intervention—Borrower Assistance . . . "options that *may be available, subject to lender approval*.") (emphasis added). In other words, Defendant cannot simply create a genuine dispute of material fact in response to Plaintiff's summary judgment motion by generating evidence or circumstances caused by his own actions.

Moreover, it is not entirely clear why the hold was put in place. It appears that the May 5, 2021 letter and the "hold" came about as a result of some unexplained action or request on Defendant's part because the title of the letter is "Response Letter for Your Recent Request." *Id.* Without information regarding the precise circumstances that gave rise to the hold, however, it is not apparent what is meant by the statement in the May 5, 2021 letter that "the foreclosure proceedings" were placed on hold as of February 23, 2021. As noted, this could mean that a foreclosure sale of the Property will not take place while a loan modification application by Defendant is being processed. Absent context and more information, though, the parameters of

the hold with respect to any foreclosure proceedings are not clear and would require the court to impermissibly speculate regarding the meaning and import of the hold, as it applies to Plaintiff's Motion for Summary Judgment on its judicial foreclosure claim.

Defendant also fails to provide any legal reason why evidence of the temporary hold put in place by Plaintiff or Defendant's mortgage servicer raises a genuine dispute of material fact regarding Plaintiff's entitlement to summary judgment on its judicial foreclosure claim. In any event, Defendant admits that the hold was lifted on May 24, 2021, and there is no evidence Plaintiff actually initiated a foreclosure sale of the Property. *See* Doc. 46. Accordingly, this is a non-issue as far as Plaintiff's summary judgment motion is concerned. At most, Defendant's argument that Plaintiff violated some unspecified legal or ethical duty allegedly owed to him by failing to notify the court about the "hold" *might* support a tort claim by Defendant against Plaintiff. Such a claim, however, is not before the court and beyond the scope of the proceedings in this case. Accordingly, Defendant's objection based on the "hold" in the foreclosure proceedings is **overruled.**

### b. Rescission Objection is Not Supported by Current Law

Defendant's other argument regarding rescission of acceleration was previously briefed by the parties in connection with Plaintiff's summary judgment motion. This issue was also thoroughly addressed by the magistrate judge in his Second Report, which contains a detailed analysis of applicable rescission of acceleration law and application of that law to the facts of this case. Defendant's objection on this ground simply rehashes that argument without adding anything new. *See* Def.'s Resp. to Pl.'s Summ. J. Mot. (Doc. 28).

In sum, Defendant contends that the outcome of this action should be the same as that in prior Civil Action No. 3:20-CV-2630-S-BN. As correctly noted by the magistrate judge, however, the law regarding rescission of acceleration has changed since then, and application of relevant

Texas and Fifth Circuit law to the facts of this case regarding the latest acceleration of the indebtedness under the Note results in a different outcome. Thus, although Plaintiff has been unsuccessful in its prior attempts to foreclose on the Property, it has established its entitlement in this action to summary judgment on its request for a declaratory judgment authorizing it to judicially foreclose on the Property based on current law and the undisputed facts of this case, including its most recent actions in accelerating Defendant's mortgage loan. On the other hand, Defendant's arguments, based on application of prior law and the proceedings in prior foreclosure actions involving the Property, are insufficient to defeat summary judgment or prevent foreclosure on the Property. Defendant "free ride" at the bank's expense for the past sixteen years has, therefore, come to an end.

Accordingly, having reviewed Plaintiff's Motion for Summary Judgment, the pleadings, file, record in this case, and Second Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and accepts them as those of the court. The court, therefore, **overrules** Defendant's acceleration and related objections; and **grants** Plaintiff's Motion for Summary Judgment (Doc. 16) with respect to its request for a declaratory judgment allowing it to foreclose on the Property. *See infra* n.3. For the reasons explained in the next section, Plaintiff's Motion for Summary Judgment is also granted with respect to its request to recover attorney's fees.

## III. Attorney's Fees

In the Second Report, the magistrate judge addressed Plaintiff's summary judgment request for attorney's fees and determined that it is entitled to recover attorney's fees under the Note and

Security Instrument in defending its rights as a lien holder, as long as such recovery does not violate the Texas Constitution:

> [H]ome equity notes are non-recourse as a matter of Texas law, but that rule does not bar recovery of attorneys' fees and other expenses, as provided for in this Note and Security Instrument, as part of the balance owed under the Note. These fees may be recovered against the Property upon any foreclosure sale.

Second Report 17-18. The court agrees, and Defendant did not assert any objection to this recommendation or address Plaintiff's entitlement to recover attorney's fees in response to the summary judgment motion. In failing to do so, he **waived** this issue. Accordingly, the court determines that the findings and conclusions of the magistrate judge regarding Plaintiff's entitlement to recover attorney's fees, in an amount to be determined by the court postjudgment, are correct, and **accepts** them as those of the court.

### IV. Other Filings by the Parties

After the magistrate judge issued his Second Report on Plaintiff's Motion for Summary Judgment and Motion to Strike on May 6, 2021, and before the court could rule on Defendant's objections to the Second Report, Plaintiff filed a Motion for Entry of Judgment on its judicial foreclosure claim (Doc. 44) on May 25, 2021, which prompted another round of briefing by the parties, including another surreply by Defendant (Doc. 48), which Plaintiff moved to strike on June 16, 2021 (Doc. 50), and Defendant responded to on June 22, 2021. Two days later, Defendant filed a "Motion to Dismiss; Motion for Sanctions" (Doc. 51) based on arguments included in his prior filings and what he refers to as "The Documented and Unquestionable Truth" of Plaintiff's reliance in this case on changes in the law to support its request to foreclose on the Property.

The court **denies as moot** Plaintiff's Motion for Entry of Judgment (Doc. 44), as this court has already concluded that it is entitled to judgment on its judicial foreclosure claim, and will issue a judgment as result of this determination. The court's ruling on Plaintiff's Motion for Entry of

Judgment also moots Plaintiff's Motion to Strike (Doc. 50), which is **denied as moot**. Finally, the court **strikes** Defendant's "Motion to Dismiss; Motion for Sanctions" (Doc. 51), as it is clearly an improper attempt to get the last word on Plaintiff's Summary Judgment Motion via another supplemental filing without leave of court in violation of Local Civil Rule 56.7.

V.    **Conclusion**

For the reasons explained, the court determines that the findings and conclusions of the magistrate judge in the First and Second Reports (Docs. 34, 38) are correct, and **accepts** them as those of the court. Accordingly, the court: **denies** Defendant's Motion to Dismiss and Alternative Motion to Remand (Doc. 12); **grants** Plaintiff's Motion to Strike (Doc. 33); **strikes** Defendant's surreplies and related filings (Docs. 30, 31, 32); **grants** Plaintiff's Motion for Summary Judgment (Doc. 16) *to the extent set forth in this order*;[6] and **overrules** the only objections asserted by Defendant regarding Plaintiff's Summary Judgment Motion. In light of its ruling on Plaintiff's Summary Judgment Motion, the court also **denies as moot** Plaintiff's Motion for Entry of Judgment (Doc. 44); and **denies as moot** the Motion to Strike (Doc. 50) filed by Plaintiff in connection with its Motion for Entry of Judgment. The court also **strikes** Defendant's "Motion to Dismiss; Motion for Sanctions" (Doc. 51).

---

[6] In its summary judgment motion, Plaintiff also argued that it was "entitled to a judgment declaring that the following are secured by the Texas Home Equity Security Instrument on the Property: (a) the outstanding balance of the Texas Home Equity Note; (b) prejudgment interest; (c) postjudgment interest from the date of judgment until paid; and (d) costs of court." Pl.'s Summ. J. Mot. Br. 15. For support, Plaintiff notes: "Here, the Note bears interest at a yearly rate of 8.8750%. Further, the Note states that Plaintiff will have the right to be paid back all of its costs and expenses enforcing the Note." *Id.* at 15 (citations omitted). Plaintiff, therefore, asserts that it is "entitled to collect (a) the outstanding balance of the Texas Home Equity Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court." *Id.* The Second Report does not address this claim, and the court determines that Plaintiff is not entitled to summary judgment on this claim because, as correctly noted in the Second Report, Plaintiff's sole claim in this action is for a judicial declaration authorizing it to foreclose on the Property and recover its attorney's fees and costs. Further, Plaintiff has not sought or obtained leave to amend its pleadings. As a result, the claim for a money judgment as a result of Defendant's breach of its contractual obligations is not properly before the court. *See Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."). Accordingly, Plaintiff's summary judgment motion on this ground and unpleaded claim is **denied.**

The court, therefore, **grants** Plaintiff's request for judicial foreclosure; and **allows** Plaintiff to **proceed** with the foreclosure of the Property in accordance with the Note, Deed of Trust, and the Texas Property Code. In addition, Plaintiff is entitled to and **shall** recover from Defendant its reasonable attorney's fees and costs, in an amount to be determined by the court postjudgment pursuant to Federal Rule of Civil Procedure 54(d)(2). In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

**It is so ordered** this 30th day of June, 2021.

Sam A. Lindsay
United States District Judge