IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION f/k/a The Bank of New York Trust Company, N. A., as Successor to JPMorgan Chase Bank as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificate Series, 2004-Ks8h, | § § § § § § § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-2250-L-BN |
| H. WAYNE MEACHUM | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff The Bank of New York Mellon Trust Company National Association fka The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificate Series, 2004-KS8 ("BNYM") has filed a Motion for Attorney's Fees, *see* Dkt. No. 56, which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for hearing, if necessary, and findings, conclusions, and recommendation, *see* Dkt. No. 57.

-1-

## Background

BNYM brought this judicial foreclosure action against Defendant H. Wayne Meachum to enforce its interests in real property located at 1717 Timbergrove Circle in Dallas, Texas. *See* Dkt. No. 1. Judge Lindsay entered Judgment in BYMN's favor on June 30, 2021, and, among other things, ordered that BNYM was entitled to recover its attorneys' fees from Meachum in an amount to be determined by the Court post-judgment. *See* Dkt. No. 52.

BNYM then filed the pending motion for attorneys' fees. *See* Dkt. No. 56. The motion is supported by the Declaration of Mark D. Cronenwett and billing invoices. *See* Dkt. No. 56-1.

The undersigned now concludes that the motion should be granted in part and denied in part.

## Legal Standard

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (applying lodestar method to claims under the FDCPA). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time

records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

## Analysis

BNYM seeks recovery of $16,018.50 in attorneys' fees for work performed by attorneys at an hourly rate of $215 and by paralegals at an hourly rate of $95. BNYM does not state the total number of hours worked, but the invoices attached to Mr. Cronenwett's declaration show that BNYM was billed for 56.5 hours of attorney work and 30.2 hours for paralegal work. The entries on the billing invoices include narratives of the work performed.

Considering Mr. Cronenwett's experience and the local market rates, the undersigned finds that the requested hourly rates of $215 for attorney work and $95 for paralegal work are reasonable. Mr. Cronenwett states in his declaration that he is the managing attorney for the litigation department of the law firm of Mackie

-3-

Wolf Zientz & Mann, which represents BNYM in this case, and that the attorneys working on this case are experienced in areas of business, real estate, and commercial litigation practice. Mr. Cronenwett himself has over 20 years of experience trying similar lawsuits in both federal and Texas states courts.

BNYM also requests additional attorneys' fees if any party files a post-judgment motion or the case is appealed. In its motion, BNYM requests an additional $5,000 if any party files a post-judgment motion, *see* Dkt. No. 56 at 2, but in his declaration, Mr. Cronenwett states that $2,500 would be a reasonable fee to respond to post-judgment motions, *see* Dkt. No. 56-1 at 5. Mr. Cronenwett estimates that his firm's fees to respond to any post-judgment motions would be $2,5000 for 10 hours of attorney work. *See id.* BNYM requests an additional $5,000 if the case is appealed to the United States Court of Appeals for the Fifth Circuit. *See* Dkt. No. 56 at 2. Mr. Cronenwett estimates that his firm's fees to draft briefs and handle an appeal to the United States Court of Appeals for the Fifth Circuit would be $4,950 for 18 hours of attorney work. *See* Dkt. No. 56-1 at 5. And, in its motion, BNYM requests an additional $2,500 if the case is appealed to the United States Supreme Court, *see* Dkt. No. 56 at 2, but, in his declaration, Mr. Cronenwett states that $2,750 would be a reasonable fee for an appeal to the Supreme Court, *see* Dkt. No. 56-1 at 5. Mr. Cronenwett estimates that his firm's fees to draft briefs and handle an appeal to the United States Supreme Court of Appeals would be $2,750 for 10 hours of attorney work. *See id.*

Because there are discrepancies in the amounts requested in the motion and

proved up by Mr. Cronenwett, the undersigned finds that the lower amounts are reasonable. And, because post-judgment motions were filed and Meachum has appealed this case to the United States Court of Appeals for the Fifth Circuit, BNYM is entitled to those fees now.

Based on the motion and the supporting documents, the undersigned finds the appropriate lodestar here to be calculated as 56.5 hours for work performed by attorneys at $215 an hour for a total of $12,147.50 and 30.2 hours for work performed by paralegals at $95 an hour for a total of $2,869, plus $2,500 to respond to post-judgment motions and $5,000 to handle the appeal pending in the United States Court of Appeals for the Fifth Circuit, for a total award of $22,516.50. BNYM should also be awarded an additional $2,500 if the case is appealed to the United States Supreme Court.

Plaintiff does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

## Recommendation

The Court should grant in part and deny in part Plaintiff's Motion for Attorneys' Fees [Dkt. No. 56] and award Plaintiff $22,516.50 for attorneys' fees plus an additional $2,500 in attorneys' fees if the case is appealed to the United States Supreme Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 24, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE