IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSETBACKED PASS THROUGH CERTIFICATES SERIES, 2004-KS8,<br><br>    Plaintiff,<br><br>v.<br><br>H. WAYNE MEACHUM,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. **3:20-CV-2250-L-BN** |

## **ORDER**

On January 24, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 75) was entered, recommending that the court grant in part Plaintiff's Motion for Attorney's Fees (Doc. 56) and award it $22,516.50 for attorney's fees plus an additional $2,500 in attorneys' fees if the case is appealed to the United States Supreme Court. The recommended award of $22,516.50 consists of: $12,147.50 in attorney's fees; $2,869 in paralegal fees; $2,500 to respond to postjudgment motions; and $5,000 to handle the appeal pending in the Fifth Circuit that was filed by Defendant.

Although it does not appear from the docket sheet that Defendant ever filed a response in opposition to Plaintiff's postjudgment Motion for Attorney's Fees, he filed objections to the Report on February 7, 2022, in which he contends that Plaintiff is not entitled to recover attorney's fees.

Defendant's reasons for objecting to Plaintiff's request to recover attorney's fees are essentially the same as those previously urged by him regarding the merits of the case. Plaintiff responded to the objections on February 8, 2022.

The arguments raised in Defendant's objections to the Report have been previously addressed by the magistrate judge and the undersigned, and those same arguments are the subject of the appeal pending before the Fifth Circuit and, thus, will not be revisited here. Moreover, the court previously determined that Plaintiff was entitled to recover attorney's fees under the Note and Security Instrument, and that Plaintiff had waived any objection in this regard because he failed to object to the magistrate judge's prior recommendation or address Plaintiff's entitlement to attorney's fees in response to its summary judgment motion. *See* Doc. 53 at 9-10. Thus, the only issue remaining is the amount of fees to be awarded, which is not addressed in Defendant's current objections. As a result, Defendant also **waived** this issue.

The court does not generally award appellate fees. As correctly noted by Defendant, however, the Note allows it as the Note Holder to recover "all of its costs and expenses in enforcing this Note," and the Security Instrument entitles it, after an uncured default and acceleration of the indebtedness, "to collect all expenses incurred in pursing the remedies in Section 21, including, but not limited to, court costs, reasonable attorneys' fees." Doc. 18-1 at 14 & 29. Conditional awards of appellate fees are also permitted under Texas law, as long as the award is supported by evidence of the fees' reasonableness. *See Passmore v. Baylor Health Care Sys.*, No. 3:13-CV-5016-P, 2016 WL 8578058, at *2 (N.D. Tex. Jan. 5, 2016) ("[A] trial court's award of conditional appellate attorneys' fees must be supported by evidence of their reasonableness.").

The declaration of Plaintiff's counsel establishes the reasonableness of the attorney's and paralegal's hourly rates. It also sets forth in detail the basis for the amounts of the fees sought for

**Order – Page 2**

responding to postjudgment motions; handling the appeal pending before the Fifth Circuit; and handling any appeal to the Supreme Court. *See* Doc. 56-1 ¶ 10. Further, since filing its Motion for Attorney's Fees, Defendant filed four postjudgment motions and other documents, which caused Plaintiff to incur fees in responding. As a result of the appeal taken by Defendant to the Fifth Circuit, Plaintiff has also had to incur fees to review and respond to the appellate brief and other documents filed by Defendant. The court, therefore, determines that Plaintiff's request for attorney's fees, including those that qualify as conditional appellate attorney's fees not yet incurred, is supported by evidence of their reasonableness such that the court agrees with the Report's recommended award.

Thus, after considering the Motion for Attorney's Fees, the file, record, and the Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Defendant's objections to the extent not waived; **grants in part** Plaintiff's Motion for Attorney's Fees (Doc. 56) as recommended by the magistrate judge; and **awards** Plaintiff **$22,516.50** for reasonable attorney's fees incurred in this case and through the appeal pending in the Fifth Circuit. Given Defendant's litigious nature and propensity for unnecessarily increasing the cost of litigation as a result of his numerous filings and failure to comply with applicable procedural rules, the court also conditionally **awards** Plaintiff an additional **$2,500** in attorney's fees in the event the case is appealed to the United States Supreme Court.

**It is so ordered** this 11th day of March, 2022.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order – Page 3